J. H. McCLYMOND'S ASSIGNEE *v.* JAMES P. GAY.

[Abstract Kentucky Law Reporter, Vol. 1—425.]

**Discretion of Trial Court in Setting Aside a Judgment.**
> When the trial court has a discretion in a matter of practice that discretion will not be interfered with unless it appears to have been grossly abused to the prejudice of the substantial rights of the party complaining.

APPEAL FROM CLARK CIRCUIT COURT.

November 23, 1880.

OPINION BY JUDGE HINES:

It is assigned for error that the court set aside a judgment against the appellee in order to permit him to plead his bankruptcy. It is insisted that this is such an abuse of judicial discretion as calls for revision by this court. Counsel cite us to no case where, under such circumstances, the ruling of the lower court has been revised, but they cite cases where this court has refused to reverse because the lower court refused to allow amendments pleading the statute of limitations. Counsel likens this case to those cited, but it is to be observed that while in those cases this court says there was no abuse of discretion in refusing to allow the defense to be interposed, it is not said that there would have been such an abuse of discretion if the court had permitted it to be put in; and in this case (in analogy with those cited) we would not disturb the ruling of the court below if it had refused to allow the judgment to be set aside for the purpose of interposing a plea that might as well have been sooner presented. Without undertaking to lay down, by this decision, a rule of universal application it is enough to say that when the trial courts have a discretion in matters of practice that discretion will not be interfered with unless it appears to have been grossly abused to the prejudice of the substantial rights of the complainant. Such does not appear to be the case here.

Judgment *affirmed.*

*W. M. Beckner, Geo. B. Nelson, Chas. Eginton,* for appellant.
*Jas. Flanagan, Houston & Mulligan,* for appellee.